IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LINDSEY HOWELL, BENJAMIN BABER, KELTON DAY, AARON FIGUEROA, JOSH FIGUEROA, JULIE GRANADO, ELIZABETH HAND, DOUGLAS HAWKINS, SHERYL HOLCOMB GONZALEZ, GUANG JIANG, TIA KOENING, WHITNEY KOENING, MADISON MATZ, JASON MCWHORTER, ANGELA RAMIREZ, CRYSTAL RATCLIFF, JUSTIN REAM, LACY SATTERFIELD, BRENT UPTON, ROWDY VOTAW, ANDRE WILLIAM, AND CARLOS ZAMUDIO §§§§§§§§§§§§§§§§§§ | |
| Plaintiffs §§ | |
| v. § | CIVIL ACTION NO. 2:16-cv-17 |
| §§ | |
| JENNIFER LIN §§ | |
| Defendant § | |

## COMPLAINT

### SUMMARY

1. Defendant relies on the "tip pooling" exception to the Fair Labor Standards Act ("FLSA"), 19 U.S.C. § 203(m) to avoid paying Lindsey Howell, Benjamin Baber, Kelton Day, Aaron Figueroa, Josh Figueroa, Julie Granado, Elizabeth Hand, Douglas Hawkins, Sheryl Holcomb Gonzalez, Guang Jiang, Tia Koening, Whitney Koening, Madison Matz, Jason McWhorter, Angela Ramirez, Crystal Ratcliff, Justin Ream, Lacy Satterfield, Brent Upton, Rowdy Votaw, Andre William, and Carlos Zamudio, (hereinafter referred to as "Plaintiffs") the minimum wage mandated by Federal law.

2. However, because Defendant distributes pooled tips to employees who do not customarily and regularly receive them, and because Defendant required Plaintiffs to pay for unpaid or "walked" tickets from their tips, the tip pooling practice is invalid, and Defendant is prohibited from crediting tips toward payment of the minimum wage.

### JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

4. This Court is a proper venue for this action because a substantial part of the relevant conduct occurred here.

### PARTIES

5. Plaintiff Lindsey Howell is a resident of Amarillo, Texas. Ms. Howell's written consent to this action is attached as Exhibit "A."

6. Plaintiff Benjamin Baber is a resident of Amarillo, Texas. Mr. Baber's written consent to this action is attached as Exhibit "B."

7. Plaintiff Kelton Day is a resident of Amarillo, Texas. Mr. Day's written consent to this action is attached as Exhibit "C."

8. Plaintiff Aaron Figueroa is a resident of Amarillo, Texas. Mr. Figueroa's written consent to this action is attached as Exhibit "D."

9. Plaintiff Josh Figueroa is a resident of Amarillo, Texas. Mr. Figueroa's written consent to this action is attached as Exhibit "E."

10. Plaintiff Julie Granado is a resident of Amarillo, Texas. Ms. Granado's written consent to this action is attached as Exhibit "F."

11. Plaintiff Elizabeth Hand is a resident of Amarillo, Texas. Ms. Hand's written consent to this action is attached as Exhibit "G."

12. Plaintiff Douglas Hawkins is a resident of Amarillo, Texas. Mr. Hawkins' written consent to this action is attached as Exhibit "H."

13. Plaintiff Sheryl Holcomb Gonzalez is a resident of Amarillo, Texas. Ms. Gonzalez's written consent to this action is attached as Exhibit "I."

14. Plaintiff Guang Jiang is a resident of Brooklyn, New York. Mr. Jiang's written consent to this action is attached as Exhibit "J."

15. Plaintiff Tia Koening is a resident of Amarillo, Texas. Mr. Koenig's written consent to this action is attached as Exhibit "K."

16. Plaintiff Whitney Koening is a resident of Amarillo, Texas. Ms. Koenig's written consent to this action is attached as Exhibit "L."

17. Plaintiff Madison Matz is a resident of Canyon, Texas. Ms. Matz's written consent to this action is attached as Exhibit "M."

18. Plaintiff Jason McWhorter is a resident of Amarillo, Texas. Mr. McWhorter's written consent to this action is attached as Exhibit "N."

19. Plaintiff Angela Ramirez is a resident of Amarillo, Texas. Ms. Ramirez's written consent to this action is attached as Exhibit "O."

20. Plaintiff Crystal Ratcliff is a resident of Nashville, Tennessee. Ms. Ratcliff's written consent to this action is attached as Exhibit "P."

21. Plaintiff Justin Ream is a resident of Detroit, Texas. Mr. Ream's written consent to this action is attached as Exhibit "Q."

22. Plaintiff Lacy Satterfield is a resident of Stinnett, Texas. Ms. Satterfield's written consent to this action is attached as Exhibit "R."

23. Plaintiff Brent Upton is a resident of Amarillo, Texas. Mr. Upton's written consent to this action is attached as Exhibit "S."

24. Plaintiff Rowdy Votaw is a resident of Amarillo, Texas. Mr. Votaw's written consent to this action is attached as Exhibit "T."

25. Plaintiff Andre William is a resident of Tucson, Arizona. Mr. William's written consent to this action is attached as Exhibit "U."

26. Plaintiff Carlos Zamudio is a resident of Amarillo, Texas. Mr. Zamudio's written consent to this action is attached as Exhibit "V."

27. Defendant Jennifer Lin, an individual, may be served with process at her residence at the following address: 3401 I-40 Frontage Road, Amarillo, Texas 79109, or wherever she may be found.

### COVERAGE

28. Defendant is the owner of an enterprise, Lin's Restaurant, Inc. d/b/a Hayashi Hibachi Japanese Restaurant that engages in commerce or in the production of goods for commerce. As the owner of Lin's Restaurant, Inc. d/b/a Hayashi Hibachi Japanese Restaurant, Defendant exercised significant control over the company's operations and the terms and conditions of Plaintiffs' work.

29. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

30. Lin's Restaurant, Inc. d/b/a Hayashi Hibachi Japanese Restaurant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

31. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

32. Plaintiffs' work required that they regularly be engaged in commerce, by their handling of records of interstate transactions.

**FACTS**

33. Defendant employed Plaintiffs as wait staff employees in her restaurant, Lin's Restaurant, Inc. d/b/a Hayashi Hibachi Japanese Restaurant.

34. Defendant pays Plaintiffs less than the federal minimum wage, taking advantage of a tip credit, which allows Defendant to include in its calculation of wages a portion of the amounts employees receive in tips.

35. Defendant required Plaintiffs to contribute five percent (5%) of their total gross sales during each shift to a tip pool controlled by Defendant.

36. Defendant then distributes the entire tip pool among other employees, including those who are not customarily and regularly tipped.

37. Defendant also requires Plaintiffs to pay for unpaid or "walked" tickets out of their own tips in violation of the FLSA.

38. Plaintiffs obtained a judgment against Lin's Restaurant, Inc. d/b/a Hayashi Hibachi Japanese Restaurant on January 6, 2016 for $166,508.64 for unpaid wages, overtime, and attorneys' fees and expenses.

39. However, upon information and belief, Plaintiff has learned that Lin's Restaurant, Inc. d/b/a Hayashi Hibachi Japanese Restaurant maintains its property in Jennifer Lin's name.

### CAUSES OF ACTION

40. Plaintiffs re-allege and incorporate by reference the facts set forth above.

41. Defendant's policy and practice of requiring its tipped employees to pay a percentage of their tips to non-tipped employees, including employees who do not customarily and regularly receive tips, violates the FLSA. 29 U.S.C. § 203(m).

42. Defendant's policy and practice of requiring its tipped employees to pay for cash unpaid or "walked" tickets from their tips violates the FLSA. 29 U.S.C. § 203(m).

43. Defendant knew or should have known that its policies and practices relating to tip pooling violate the FLSA.

44. Defendant has not made a good faith effort to comply with the FLSA.

45. Rather, Defendant has knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out its illegal tip-pooling practices.

46. Plaintiffs are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked, in addition to the amount they were required to tip-out to Defendant's employees who are not customarily tipped.

47. In addition, Plaintiffs are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

### PRAYER

WHEREFORE, Plaintiffs respectfully request judgment be entered in their favor awarding Plaintiffs:

A. the difference between their hourly rate and the applicable minimum wage for all

  hours worked;

B.  the amount they were required to tip-out to Defendant's employees who are not customarily tipped;

C.  an equal amount as liquidated damages as allowed under the FLSA;

D.  reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

E.  pre-judgment and post judgment interest at the highest rates allowed by law; and

F.  such other relief as to which Plaintiffs may be entitled.

  Respectfully submitted,

  **THE YOUNG LAW FIRM, PC**
  By: /s/ Jeremi K. Young
  **Jeremi K. Young**
  State Bar No. 24013793
  Rachael Rustmann
  State Bar No. 24073653
  1001 S. Harrison St., Suite 200
  Amarillo, Texas 79101
  (806) 331-1800
  (806) 398-9095 (fax)
  jyoung@youngfirm.com
  rachael@youngfirm.com

  *ATTORNEYS FOR PLAINTIFF*